IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JONNA BOSTIAN,

    Plaintiff,

vs.

SUHOR INDUSTRIES, INC., TULSA MONUMENT, INC., and RUSS ROGERS, an individual,

    Defendant.

Case No. 07-CV-151-GFK-FHM

**OPINION AND ORDER**

The Motion to Quash of Defendant Suhor Industries, Inc. (Suhor) and John Spies [Dkt. 15] is before the undersigned United States Magistrate Judge for disposition. The matter has been fully briefed and is ripe for decision. The Motion to Quash [Dkt. 15] is GRANTED.

Mr. Spies is the Human Resource Director for Defendant Suhor. A subpoena duces tecum was served on Mr. Spies while he was in Tulsa on business for Suhor. According to Mr. Spies' affidavit, he is not an officer of Suhor. He lives in Overland Park, Kansas and works at Suhor's home office located there, although he has traveled to Oklahoma twice a year since 2003 on business. [Dkt. 15-4].

The subpoena is properly quashed under 45(c)(3)(A)(ii), which provides that a subpoena may be quashed if it:

> requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . .

Mr. Spies' home and place of employment are more than 100 miles from Tulsa, therefore since Mr. Spies is not a party nor the officer of a party he may not be summoned to Tulsa

for a deposition unless he regularly transacts business in person in Tulsa. The question is whether Mr. Spies' twice yearly visits to Oklahoma to conduct business qualifies as regularly transacting business for purposes of the subpoena. The Court concludes that those infrequent visits do not qualify as regularly transacting business.

The parties did not cite any authority concerning what will qualify as regularly transacting business to sustain a subpoena. The Courts own research found little guidance. The Court considered the question in *Regents of University of California v. Kohne*, 166 F.R.D. 463 (S.D. Cal. 1996) and rejected the argument that a jurisdictional analysis should be applied. The Court reasoned that a jurisdictional analysis is inappropriate for addressing Rule 45 objections because the analysis a court engages in to determine whether a party should be subject to the jurisdiction of a state responds to an entirely different set of concerns. *Id.* at 464. In considering specific or general jurisdiction, courts consider what circumstances due process would permit a state to enforce its laws over a party. Jurisdictional considerations involve determinations as to the reasonable limits of the power of the state and notice to a party that its conduct may be subject to the laws of a particular jurisdiction. In contrast, Rule 45 is concerned with the burden to a party forced to physically appear. *Id.* The Court in *Regents* determined that the language in Rule 45 should be read literally and concluded that visiting the jurisdiction ten times in seven years did not qualify as regularly conducting business for a Rule 45 subpoena. *Id.* at 465.

The undersigned is persuaded that the approach taken by the *Regents* Court is reasonable. Mr. Spies' twice yearly business visits to Oklahoma are not frequent enough

to be considered regularly transacting business. Therefore, as a non-party he will not be required to travel here for a deposition.

Defendant Suhor objects to subpoena on the basis that the documents sought are not the property of Mr. Spies. Rather, the documents belong to Suhor and have been requested from Suhor in discovery, although production is awaiting the entry of a protective order. Suhor's objection stands as an additional reason to quash the subpoena. The Court rejects Plaintiff's argument that Mr. Spies should be required to produce the requested documents because under Rule 45, regardless of ownership, he has "control" of the documents. Although the cases cited by Plaintiff define the term control as used in Rule 45, none of those cases address the situation presented here where documents belonging to the defendant corporation are subpoenaed directly from a non-party employee. Since the documents sought belong to Defendant Suhor, they are appropriately obtained directly from Suhor under Fed.R.Civ.P. 34.

Based on the foregoing, The Motion to Quash of Defendant Suhor Industries, Inc. and John Spies [Dkt. 15] is GRANTED.

SO ORDERED this 12th day of October, 2007.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE